UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60245-AHS

ANSLEY BLANCO,

    Plaintiff,

v.

POLLACK & ROSEN, P.A., and WEST
KENDALL BAPTIST HOSPITAL, INC.

    Defendants.
_____/

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Ansley Blanco ("Plaintiff"), pursuant to Fed. R. Civ. P. 15(a)(2) and S.D. Fla. Local Rule 15.1, requests Leave to file the attached Second Amended Complaint.

## INTRODUCTION & BACKGROUND

On February 05, 2020, Plaintiff commenced the above-captioned action against Defendant Pollock & Rosen, P.A., ("P-R") and Defendant West Kendall Baptist Hospital, Inc. ("WKB Hospital"). On March 11, 2020, Plaintiff filed an amended complaint, *see* D.E. 11 (the operative complaint that Plaintiff now seeks to amend), *among other reasons*, to address the purported pleading issues Defendant P-R and Defendant WKB Hospital (collectively, the "Defendants") had with Plaintiff's original complaint. *See* D.E. 1 (Plaintiff's original complaint); D.E. 7 (Defendants' Motion to Dismiss).

On April 15, 2020, this Court issued the Scheduling Order [D.E. 17] governing the deadlines of this case. Pursuant to this Court's Scheduling Order, the deadline for Joinder of Parties *and* Amended Pleadings is May 15, 2020. Because Plaintiff seeks to both *add* and *remove* parties, as well amend the pleadings, this Motion to Amend is ripe for consideration and proper.

## ARGUMENT

A motion to amend is governed by Fed. R. Civ. P. 15(a), which provides that leave to amend pleadings "shall be freely given when justice so requires." The Eleventh Circuit Court of Appeals has explained that such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) (*quoting* Forman v. Davis, 371 U.S. 178, (1962)); *see* Florida Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996) ("Unless substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); Bryant v. Dupree, 252 F.3d 1161 (11th Cir. 2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay); Loggerhead Turtle v. County Council of Volusia County, Fla., 148 F.3d 1231, 1257 (11th Cir. 1998) (overturning denial of leave to amend where defendant had not shown prejudice or undue delay).

With respect to the present matter, Plaintiff requests leave to file the attached, *see* Exhibit A, Second Amended Complaint ("SAC" or "Amended Complaint"). The SAC will result in the following: **[1]** the withdrawal of Plaintiff's claims arising under Florida law, *i.e.*, *Count II* and *Count III* of the operative complaint which allege violations of Fla. Stat. § 559.72(9) and Fla. Stat. § 559.72(5) respectively; **[2]** the removal Defendant WKB Hospital as a defendant in pursuit of an action *solely* against Defendant P-R under federal law, *i.e.*, 15 U.S.C. § 1692e for the prolific[1]

---

[1] Plaintiff suspects the alleged unlawful conduct of Defendant P-R, as set forth in the attached Second Amended Complaint, lends itself to *class-based* liability. Should Plaintiff's suspicions be confirmed through Defendant P-R's responses to Plaintiff's written discovery requests, Plaintiff intends to seek an amendment beyond the one sought herein to seek appropriate *class-based* relief.

false, deceptive, and misleading representation used by Defendant P-R in the collection of certain types of consumer debts; **[3]** join Robert Seide as co-Plaintiff because Plaintiff and Mr. Seide, as set forth in the SAC, share substantively identical claims against Defendant P-R; and **[4]** in the interest of an expeditious and judicially efficient ligation, resolve the pleading issues had by Defendants with respect to Plaintiff's operative complaint.

By virtue of these four reasons, justice demands the amendment sought by Plaintiff. Further, Plaintiff has not delayed in seeking the amendment sought herein, as the deadline for both joining parties and amending the pleadings is May 15, 2020, *see* D.E. 17, and as such, Defendants cannot be said to suffer any *undue* prejudice from the relief Plaintiff now seeks though this Motion.

## CONCLUSION

In light of the above, Plaintiff Ansley Blanco, respectfully, requests this Court to grant Plaintiff leave to file the attached Second Amended Complaint and for any other relief this Court deems just and proper under the circumstances.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel for the movant, Plaintiff Ansley Blanco, has conferred with all parties that may be affected by the relief sought the above motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so, as Defendants oppose the relief sought herein.

DATED: May 1, 2020

Respectfully Submitted,

  /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 1, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

  /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377